IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MISSOURI
WESTERN DIVISION

| | | |
|---|---|---|
| GARY L. WALKER | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | Case No. 06-0333-CV-W-REL |
| | ) | |
| COUNTRY MUTUAL INSURANCE COMPANY | ) ) | |
| | ) | |
| Defendant. | ) | |

## MOTION TO COMPEL

COMES NOW the Plaintiff, GARY L. WALKER, by and through his attorneys of record, KUHLMAN, REDDOCH & SULLIVAN, P. C., and shows to the Court the following:

1. That on or about the 22 day of August, 2006, Plaintiff served upon the Defendant Interrogatories and Request for Production of Documents. Said Interrogatories and Defendant's "Answers thereto" are attached hereto as **Exhibit A** and incorporated by reference. Said Requests for Production of Documents are attached hereto as **Exhibit B** and incorporated herein by reference.

2. That on or about September 13, 2006, Defendant, by and through its attorney of record, filed objections to Discovery. Said objections are attached hereto as **Exhibit C** and incorporated by reference as if more fully set forth herein verbatim. That said objections included objections to Interrogatory Nos. 7, 9, 12 and 16 for the reason that they invaded the thought processes and mental impressions of Defendant's counsel and were the work product of Defendant's counsel. Nowhere within Defendant's objections did Defendant provide and/or

describe the nature of the documents, communication or things not produced or disclosed in the manner that without revealing the information itself will enable other parties to assess the applicability of the privilege or protection, all as required by Rule 26(b)5 of the Federal Rules of Civil Procedure.

3. That included amongst said interrogatories (**Exhibit A**) were interrogatory questions #3, #4, #5, #6, #8, #13 and #14 which asked the Defendant to:

*#3. Identify the names and/or addresses of any persons who have, or claim to have, personal knowledge concerning the accident, the cause of the accident and/or the injuries resulting from said accident?*

*#4. Have you or has anyone on your behalf, either directly or through others, received or obtained any statement, either written, recorded, stenographic or oral or otherwise from Plaintiff Gary Walker, or any one purporting to be the agent or employee of Gary Walker which in any way relates to the accident and/or the injuries allegedly suffered by Plaintiff as a result of the accident? If so, please attach a full and complete copy of all such statements, and for each such statement advise as to the identity of the person taking the statement; and the identity of all persons present at the time of the taking of said statement.*

*#5. Please state what, if anything, Plaintiff Gary Walker, or anyone purporting to be the agent or employee of Plaintiff, said to you or any other persons in your presence about the accident and/or the injuries which resulted from the accident and for each such statement, please identify all person present, and the date and place where each such statement was made.*

*#6. State whether any photographs were made by anyone at the scene of the accident and/or of any vehicles which may have been involved in the accident and/or of Plaintiff. If so, please give the date each such photograph was taken, identify the photographer for each such photograph and the state the subject matter*
*of each such photograph.*

*#8. Please identify all persons from whom you and/or your attorney have obtained statements with regard to the accident, and with regard to each such statement, give the date thereof and identify the person taking such statement.*

*13. Has Plaintiff Gary Walker or any representative of Gary Walker ever made demand for payment to him for injuries he sustained in the accident on March 2, 2002 under the policy of insurance issued by Country Mutual Insurance Company, specifically Policy No. N4-009898-1? If so, please give the following information: What response was made, and if in writing, attach a copy of each response to your answers to these interrogatories.*

*14. Identify each person employed as an employee of or working as agent for the defendant Country Mutual Insurance Company who either made or participated in any way in evaluating the claim of Gary Walker as set forth in Plaintiff's petition and describe what part each such person played in the making of that such evaluation.*

4. That in response to each of said interrogatories the Defendant referenced the Plaintiff to the "claim file produced early on pursuant to Rule 33(d). However, Defendant has

- 2 -

Case 4:06-cv-00333-REL   Document 130   Filed 06/08/07   Page 2 of 7

continuously taken the position that it need only respond to information known to it prior to suit being filed. By way of illustration the following colloquy took place between plaintiffs attorney and Defendants attorney from page 72 line 24 through page 75 line 5.

```
23        MR. REDDOCH: We have -- for the record,
24    this is the second corporate deposition that's
25    taken place here. We had one that I've not

                          73
1     pushed the issue on asking for fees, but there
2     was a no show the first time. This is the
3     second time. And in an attempt to limit the
4     scope of this, we've got the situation where
5     defendant has showed up with less than the
6     claims file that even defense counsel admits
7     existed prior to the lawsuit being filed, and
8     we will in fact be filing motions with the
9     Court.
10        MR. HASTY: You are correct that the claim
11    file that he produced today is not a copy of
12    the complete file as it existed at the time
13    the matter went to counsel.
14        MR. REDDOCH: So we're not even getting by
15    the production of documents what it is you
16    think we ought to get, Mr. Hasty.
17        MR. HASTY: You already have that. I
18    understand you want to see the original. And
19    I've agreed to --
20        MR. REDDOCH: I'm entitled to it, and this
21    is why we're here and this is what we're
22    supposed to be doing today.
23        MR. HASTY: I've agreed with you you're
24    entitled to see the original and Mr. Shaffer
25    was to send it. I'm sure you understand, as I

                          74
1     indicated to you, that it's a working file to
2     him.
3         MR. REDDOCH: I understand that you --
4         MR. HASTY: And we both can't talk at the
5     same time. I've tried to let you make a
6     record. It is obvious that you do not have
7     here the original file as it existed at the
8     time it was sent to counsel. I agree with you
9     you're entitled to see it. I agree with that
10    much of what you said. The rest of it, I
11    don't. What you've done is make written
12    discovery, draw objections, ignore that, and
13    then send a corporate designee deposition
14    notice for the very same items, and you got
15    the very same objections and that upset you.
16    I don't believe you're entitled to know
17    anything about the investigation conducted
```

> 18    *under the direction of counsel. I understand*
> 19    *you disagree with that, but that's our dispute*
> 20    *and I think that's as much as it is.*
> 21    *MR. REDDOCH: Well, Mr. Hasty, for the*
> 22    *record, you sent on the 13th of September,*
> 23    *2006, objections to request for Production No.*
> 24    *2 and 17, and objected to no other requests*
> 25    *for production of documents as set forth in*
>
>                               75
> 1    *the original request for production of*
> 2    *documents. So I think your statement is*
> 3    *self-serving, overly broad, and not accurate.*
> 4    *So we'll take it up with the Court.*
> 5    *MR. HASTY: All right.*

5.     Defendant continues to take the position that nothing discovered or learned after suit was filed is discoverable. See Defendant's counsel's letter of 6-6-07 which is attached hereto as **Exhibit K.**

6.     Plaintiff believes the information sought in the above interrogatories is relevant and the Defendant can not hide its knowledge concerning the requested information simply because it was learned after suit was commenced. If Defendant's position is upheld, Defendant would be able to totally circumvent the purpose of Rule 26 disclosures as well as the Federal Rules of Civil Procedure.

7.     That on or about the 29th day of December, 2006, Plaintiff filed a Notice to Take the Corporate Deposition of the Defendant. Said Corporate Deposition Notice is attached hereto as **Exhibit D** and incorporated by reference as if more fully set forth herein verbatim.

8.     That on or about the 16th day of January, 2007, one day prior to the scheduled corporate deposition of the Defendant filed objections to said Deposition Notice. Said objections are attached hereto as **Exhibit E** and incorporated by reference as if more fully set forth herein verbatim. Plaintiff filed thirty-seven (37) objections to said deposition, including Objection numbered 5, 6, 7, 8, 10, 11, 12, 13, 19, 29, 32, 35, 36 and 37, which raised objections of

privileged defenses. Again, Defendant did not provide a privilege log as required by Rule 26 of the Federal Rules of Civil Procedure.

9. The deposition took place on January 17, 2007, although Defendant and Defendant's counsel failed to appear. A copy of said deposition transcript is attached hereto as **Exhibit F** and incorporated by reference as if more fully set forth herein verbatim.

10. Thereafter, Plaintiff filed an Amended Notice to Take the Deposition of the Corporate Defendant. A copy of said Amended Notice for Deposition is attached hereto as Exhibit **G** and incorporated by reference as if more fully set forth herein verbatim.

11. In response to said Amended Notice to Take Deposition, the Defendant filed ten (10) objections. Objection Nos. 1, 3, 5, 6, 7, 8, 9 and 10 either directly or by reference raised the privilege defenses and objections without setting forth a privilege log. Said objections are attached hereto as **Exhibit H** and incorporated by reference as if more fully set forth herein verbatim.

12. The deposition took place on 4-17-07. Defendant's representative appeared and produced what purported to be a copy of the claim file, although Defendant's counsel admitted that it was not a complete file as it existed prior to suit being filed. See partial transcript of deposition attached hereto as **Exhibit I** and incorporated by reference as if more fully set forth herein verbatim.

13. As set forth above, Defendant's counsel has repeatedly taken the position that Plaintiff is not entitled to any investigation material of any kind produced by his office. While this may or may not be an accurate position, Plaintiff's counsel is not in a position to know because Defendant's counsel has failed and refused to provide a privilege log as required by Rule 26 in order to help Plaintiff and/or this Court make such a determination.

Case 4:06-cv-00333-REL    Document 130    Filed 06/08/07    Page 5 of 7

14. Plaintiff's attorney and Defendant's attorney have had numerous conversations concerning this issue. Plaintiff's attorney sent a letter to Defendant's attorney on 6-5-07 confirming Defendant's position concerning discovery and Defendant's consent to an extension of until today to file a motion concerning discovery and requesting and inviting communications. A copy of said correspondence is attached hereto as **Exhibit J** and incorporated by reference as if more fully set forth herein verbatim.

15. While the relationship between counsel has been cordial and accommodating, they have a difference of opinion concerning the requirements of the rules and the scope of permissible discovery as set forth herein.

16. Plaintiff has offered to have the parties discuss this dispute with the Court. See **Exhibit L** attached hereto.

WHEREFORE, Plaintiff prays an Order of this Court pursuant to Rule 37 of the Federal Rules of Civil Procedure compelling Defendant to answer the Interrogatories and to produce all documents requested and for its reasonable costs and expenses incurred herein and for such other and further relief as this Court shall deem just and proper.

Respectfully submitted,

/s/ John B. Reddoch
JOHN B. REDDOCH (MO Bar #29,800)
Attorney At Law
1201 West College, Suite 200
Liberty, Missouri 64068
Telephone: 816-791-3700
Facsimile: 816-781-9048
E-mail: johnr@krsr.net
***ATTORNEY FOR PLAINTIFF***

## CERTIFICATE OF SERVICE

      I hereby certify that on June 8, 2007, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system which sent notification of such filing to the following: Paul Hasty, Jr., ph@wsabe.com and that a copy of same was also sent by facsimile on said date to Paul Hasty, Jr., Attorney for Defendant at (913) 888-1065.

                                      s/John B. Reddoch
                                      John B. Reddoch