EXHIBIT A

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MISSOURI
WESTERN DIVISION

| | |
|---|---|
| GARY L. WALKER, | |
| Plaintiff, | |
| vs. | Case No: 06-00333-CV-REL |
| COUNTRY MUTUAL INSURANCE COMPANY, | |
| Defendant. | |

### PLAINTIFF'S OPENING INTERROGATORIES TO DEFENDANT COUNTRY MUTUAL INSURANCE COMPANY

COMES NOW the Plaintiff, Gary Walker, by and through his attorney, and propounds the following interrogatories to Defendant, Country Mutual Insurance Company, to be answered fully, in writing, under oath, pursuant to Rule 33 of the Federal Rules of Civil Procedure.

### INTRODUCTION

In answering the following interrogatories, please furnish all information known by you or available to you, if any, through your attorneys, agents or other representative. Facts in your attorneys' possession should be disclosed by you in your answers to these interrogatories even though those facts may not have been transmitted to you personally by your attorneys. If you cannot answer the following interrogatories in full after exercising due diligence to secure the information necessary to do so, please so state, and nonetheless answer each interrogatory to the fullest extent possible, specifying your inability to answer any interrogatory or portion thereof.

### DEFINITIONS

1. **"You"** and/or **"your"** as used hereinafter means Defendant, Country Mutual Insurance Company, and/or any person who is or was a representative, employee, or agent of Country Mutual Insurance Company, including any attorney.

2. **"Document"** and/or **"documents"** when used herein, means the original or draft of any kind or description, whether sent or received and all copies thereof, regardless of whether designated "confidential" or "privileged" or otherwise, and including without limitation, any paper, book, account, photograph, memorandum, letter, email, electronic data, telegram, object,

report, record, transcript, study, note, notation, working paper, interoffice communication, chart, draft, contract, index sheet, graphs, manual, blueprint, diagram paper, quotation, bulletin, summary, recording of telephone or other conversation, interviews or conferences, and any other written, recorded, transcribed, punched, taped, video taped, filmed or graphic matter, however produced or reproduced, including records used in data processing.

3. **"Communicate"** and/or **"communication"** and/or **"communicated"** as used hereinafter means the transmission of any ideas, data, concepts, feelings, impressions, facts, or documents of any kind; by any means including but not limited to electronic transfer, talking, listening, gesturing, reading, writing, activity of any kind, movement of any kind, and/or signals of any kind.

4. As used herein, the term **"identify"** means to set forth:

    A. <u>When used in reference to a natural person:</u>
        1. Full name;
        2. Present or last known business address:
        3. Present or last known address;
        4. Name and address of present or last known employer, and his or her job title with respect to such employer.
        5. Present or last known area code and telephone number.

    B. <u>When used in reference to other than a natural person:</u>
        1. Full name;
        2. Nature of the entity, i.e., corporation, partnership, joint venture, governmental agency, etc.;
        3. Its principal address.

    C. <u>When used in reference to a document:</u>
        1. Title of the document, the date the document bears, if any, or, if undated the date it was prepared;
        2. The name and address of each person participating in the preparation of the document;
        3. The name and address of each person to whom the document was addressed or principally directed;
        4. The name and address of each person other than those identified in (3) above who received the copies of the documents.
        5. A description of the document as, for instance, "note", "memorandum", etc.
        6. The present location or custodian or, if unknown, the document's last known location or custodian;
        7. The present location or custodian of each copy of the document, or if unknown such copies' last known location or custodian;
        8. If the document was formerly in your possession or subject to your control or in the possession or under the control of any person acting on your behalf, including your attorney in this litigation, state what disposition was made of it; the reason for such disposition, and the date of disposition.

5. The **"accident"** as used hereinafter means the motor vehicle collisions which occurred on or about March 2, 2002 at or near the intersection of Tudor and Independence Avenue in Lee's Summit, Jackson County, Missouri, between the 1999 Lexus driven by Gary Walker and the 1998 Pontiac Sunfire driven by Robert Myers as more fully described in Plaintiff's petition.

6. The **"insurance policy"** as used herein means Country Mutual Insurance Company Policy No. AA6344530.

7. If you do not answer any interrogatory or you refuse to produce any document based on a claim of privilege, set forth the privilege claimed, the facts upon which you rely to support the claim of privilege, identify all documents for which such privilege is claimed, and all persons who you know or believe saw such documents or to whom all or part of the documents thereof were disclosed.

8. If, with respect to any interrogatory, part or subpart thereof, you seek to rely on Rule 33 to produce business records instead of otherwise answering such interrogatory, any part or subpart thereof, the following information must be provided and the following procedures employed:

   A. Specify with the particularity required by Rule 33, the documents from which the answer to such interrogatory, part or subpart thereof, may be derived or ascertained;

   B. The name of the person with possession, custody or control of such documents and the location thereof (e.g., the office and name of the file in which they are kept); and

   C. In producing such documents, you are requested to designate the specific interrogatory (and part and subpart thereof) to which such documents relate.

9. Each interrogatory contained herein shall be construed to include any supplemental information, knowledge, documents or data in response to these interrogatories or document request which is later discovered by plaintiff.

## INTERROGATORIES

1. Identify the individual and state the job description of said individual answering these interrogatories on your behalf.

ANSWER: The Interrogatories are propounded to and answered by the defendant, Country Mutual Insurance Company.

2. Has the Defendant been sued under its proper name? If not, state the complete, true and correct name of the Defendant.

ANSWER: Yes.

3. Identify the names and/or addresses of any persons who have, or claim to have, personal knowledge concerning the accident, the cause of the accident and/or the injuries resulting from said accident?

ANSWER: Objection stated. Witnesses to the accident are identified in the claim file which is produced pursuant to Rule 33(d).

4. Have you or has anyone on your behalf, either directly or through others, received or obtained any statement, either written, recorded, stenographic or oral or otherwise from Plaintiff Gary Walker, or any one purporting to be the agent or employee of Gary Walker which in any way relates to the accident and/or the injuries allegedly suffered by Plaintiff as a result of the accident? If so, please attach a full and complete copy of all such statements, and for each such statement advise as to the identity of the person taking the statement; and the identity of all persons present at the time of the taking of said statement.

ANSWER: See claim file produced pursuant to Rule 33(d).

5. Please state what, if anything, Plaintiff Gary Walker, or anyone purporting to be the agent or employee of Plaintiff, said to you or any other persons in your presence about the accident and/or the injuries which resulted from the accident and for each such statement, please identify all person present, and the date and place where each such statement was made.

ANSWER: See claim file produced pursuant to Rule 33(d).

6. State whether any photographs were made by anyone at the scene of the accident and/or of any vehicles which may have been involved in the accident and/or of Plaintiff. If so, please give the date each such photograph was taken, identify the photographer for each such photograph and the state the subject matter of each such photograph.

ANSWER: See claim file produced pursuant to Rule 33(d).

7. Do you contend that Plaintiff did not receive injuries in the accident? If so, please state all facts known to you and your attorney which support your contention that Plaintiff did not receive injuries in the accident.

ANSWER: Defendant doesn't have enough information to answer the Interrogatory. The information available to date shows that Mr. Walker had significant pre-existing conditions. Access to prior medical records is needed. Authorizations were requested to obtain access to those prior records and there was no response from Mr. Walker's attorney.

8. Please identify all persons from whom you and/or your attorney have obtained statements with regard to the accident, and with regard to each such statement, give the date thereof and identify the person taking such statement.

ANSWER: See claim file produced pursuant to Rule 33(d).

9. Do you contend that Robert Myers was not an underinsured motorist and/or was not operating an underinsured motor vehicle as defined by your insurance policy at the time of the accident? If so, state all facts upon which your base your contention.

ANSWER: Defendant has insufficient information to evaluate plaintiff's claim of injury because plaintiff's counsel would not respond to requests for authorizations to obtain plaintiff's prior medical records. Mr. Myers would not be an underinsured motorist unless plaintiff's injury in the accident was sufficient to merit damages in excess of Mr. Myers' limits of coverage. Objection stated to remainder.

10. Do you contend that Plaintiff, Gary Walker has failed in any way to comply with the terms and conditions of the policy of insurance issued by the Country Mutual Insurance Company, specifically Policy No. AA6344530, in making his claim against the Country Mutual Insurance Company for underinsured motorist coverage which would render him ineligible for payment under the underinsured motorist coverage provided by that policy? If so, please state all facts upon which you base that contention.

ANSWER: Yes. See Answer to Second Amended Petition.

11. Identify all persons known to you or reported to you to have knowledge concerning the injuries and/or damages suffered by Plaintiff as a result of the accident.

ANSWER: The witnesses with regard to plaintiff's medical condition that are known to the defendant are plaintiff's healthcare providers. Objection stated to remainder.

12. Do you contend that Robert Myers did not negligently cause or contribute to cause the Plaintiff's injuries? If so, please state all facts known to your or your attorney which support your contention that Robert Myers did not cause and/or contribute to the Plaintiff's injuries.

ANSWER: Defendant has no information with regard to the accident other than as contained in the claim file which has been produced pursuant to Rule 33(d). At this point, defendant has no information that anyone was at fault in causing the accident other than Mr. Myers.

13. Has Plaintiff Gary Walker or any representative of Gary Walker ever made demand for payment to him for injuries he sustained in the accident on March 2, 2002 under the policy of insurance issued by Country Mutual Insurance Company, specifically Policy No. AA6344530? If so, please give the following information: What response was made, and if in writing, attach a copy of each response to your answers to these interrogatories.

ANSWER: See claim file produced pursuant to Rule 33(d).

14. Identify each person employed as an employee of or working as agent for the defendant Country Mutual Insurance Company who either made or participated in any way in evaluating the claim of Gary Walker as set forth in Plaintiff's petition and describe what part each such person played in the making of that such evaluation.

ANSWER: See claim file produced pursuant to Rule 33(d).

15. Please identify each person you expect to call as a retained or nonretained expert witness at trial and state the general nature and subject matter on which such expert is expected to testify.

ANSWER: Unknown.

16. State whether any surveillance of any kind has been conducted upon the Plaintiff, by any Country Mutual Insurance representative, and/or employee, or agent, including your attorney or at the direction of any of the above persons? If so, for each and every occurrence of said surveillance, please identify the surveillance, state the date, time and place where said surveillance occurred; the name, address and telephone number of the person or persons conducting the surveillance.

ANSWER: Objection stated.

You are advised that these interrogatories are deemed to be continuing so as to require supplemental answers within a reasonable period of time after you, your attorneys or anyone acting on your behalf shall obtain any information which would alter your original answers hereto at any time prior to or during trial.

BARLOW & NIFFEN, PC

*William E. Niffen II* (signature)
WILLIAM E. NIFFEN II, MO #40524
1125 Grand, Suite 2020
Kansas City, MO 64106
(816) 842-9009
Fax: (816) 221-8040
ATTORNEY FOR PLAINTIFF

STATE OF MISSOURI )
 ) ss.
COUNTY OF _____ )

The below named person, being duly sworn upon his or her oath, deposes and says that he or she has read the foregoing interrogatories, and the answers are true to the best of his or her knowledge and belief.

_____ (signature)

The foregoing Answers to Interrogatories were subscribed and sworn to before me this 19th day of December, 2006.

_Debra Murphy_ (signature)
Notary Public

[SEAL: DEBRA MURPHY, NOTARY PUBLIC, STATE OF COLORADO]

My Commission Expires: 2/7/2007

8

Certificate of Service

    I hereby certify that the original and two (2) copies and a diskette as required by the Federal Rules of the above and foregoing PLAINTIFF'S OPENING INTERROGATORIES TO DEFENDANT were hand-delivered, by me, this 22nd day of August, 2006, to Wallace, Saunders, Austin, Brown & Enochs, Attorneys for Defendant.

_____
William E. Niffen II